IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY J. HUDSON,** | : | |
| | : | |
| Petitioner | : | CIVIL NO. 1:CV-08-0530 |
| | : | |
| v. | : | (Judge Rambo) |
| | : | |
| **Warden R. MARTINEZ**, | : | |
| | : | |
| Respondent | : | |

### MEMORANDUM

Petitioner Harvey J. Hudson, an inmate currently confined at the Allenwood United States Penitentiary ("USP-Allenwood") in White Deer, Pennsylvania, commenced this *pro se* action by filing a petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254 and 2241.

For the reasons set forth below, Hudson's petition will be dismissed as a successive petition pursuant to 28 U.S.C. § 2244(a).

**I.   Background**

On March 23, 1988, Hudson was sentenced by the District of Columbia Superior Court to a term of 112 years to life for nine counts of taking indecent liberties with a minor child, one count of sodomy, six counts of carnal knowledge,

one count of kidnapping, and one count of obstruction of justice.  (*See* Doc. 10-11 at 3-4.)  Hudson was committed to the custody of the BOP on March 29, 2001.  (*See id.*)

Hudson has filed four previous petitions with this court pursuant to 28 U.S.C. § 2254.  *See Hudson v. Pugh*, Civil No. 1:CV-02-2259; *Hudson v. Pugh*, Civil No. 1:CV-03-0337; *Hudson v. Pugh*, Civil No. 1:CV-05-0492; *Hudson v. Williamson*, Civil No. 1:CV-05-2097.

In addition, Hudson filed 16 post-trial motions in the District of Columbia Court of Appeals, five civil rights complaints, one mandamus petition, and two habeas petitions in the United States District Court and/or Court of Appeals for the District of Columbia.  *See Hudson v. Pugh*, Civ. No. 1:CV-05-0492, 2005 WL 1155048 at *1.

Hudson filed the instant petition on March 24, 2008.  (Doc. 1.)  He raised claims concerning his classification as a maximum security prisoner and the calculation of his sentence by the Bureau of Prisons ("BOP").  By order dated May 1, 2008, this court dismissed the classification claim and construed the remaining claim challenging the calculation of Hudson's sentence as having been filed pursuant to 28 U.S.C. § 2254.  (*See* Doc. 7.)  On the same date, in accordance with *United States v. Miller*, 197 F.3d 644 (3d Cir. 1999), and *Mason v. Meyers*, 208 F.3d 414 (3d Cir.

2000), the court issued a formal notice to Hudson that he could either have his petition ruled on as filed, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism and Effective Death Penalty Act ("AEDPA").  (Doc. 8.)

Hudson did not file a notice of election within the proscribed time, and therefore, on June 23, 2008, Respondent was directed to file an answer to the petition within twenty (20) days.  (Doc. 9.)  On July 14, 2008, Respondent filed an answer (Doc. 10-1) and exhibits (Doc. 10-11).  Hudson filed his reply on July 18, 2008. (Doc. 11).  Therefore, the petition is ripe for review.

**II.    Discussion**

The pertinent authority for dismissing successive habeas corpus petitions is found in 28 U.S.C. § 2244(a) and Rule 9[1] of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254 (1977).  Prior to the 1996 amendments, § 2244 authorized dismissal of a successive habeas petition "that

---

[1] Rule 9 of the Habeas Corpus Rules provides:

> Before presenting a second or successive petition, the petitioner must obtain an order from the appropriate court of appeals authorizing the district court to consider the petition as required by 28 U.S.C. § 2244(b)(3) and (4).

3

presented no new ground not heretofore presented and determined." *McCleskey v. Zant*, 499 U.S. 467, 483 (1991). Section 2244 provided:

> (a) No circuit or district judge shall be required to entertain an application for writ of habeas corpus to inquire into the detention of a person pursuant to a judgment of a court of the United States if it appears that the legality of such detention has been determined by a judge or court of the United States on a prior application for writ of habeas corpus and the petition presents no new ground not heretofore presented and determined, and the judge or court is satisfied that the ends of justice will not be served by such inquiry.

The Supreme Court in *McCleskey* expanded § 2244 to also preclude a person from raising a new claim in a subsequent habeas petition that he could have raised in his first habeas petition:

> Our recent decisions confirm that a petitioner can abuse the writ by raising a claim in a subsequent petition that he could have raised in his first, regardless of whether the failure to raise it earlier stemmed from a deliberate choice.

*McCleskey*, 499 U.S. at 489 (citations omitted).

Following the 1996 amendments, Section 2244(b) now provides as follows:

> (2) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed unless –
>
> (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

>    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
>    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.
>
>    (3)(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

28 U.S.C. § 2244(b)(2) and (b)(3)(A).

As already noted, Hudson filed four previous petitions with this court seeking habeas relief pursuant to 28 U.S.C. § 2254. In each of the petitions, Hudson challenged the validity of his conviction and sentence imposed by the District of Columbia Superior Court. In his instant petition, Hudson claims that, on March 14, 2008, he discovered that the BOP incorrectly set his term of imprisonment at 122 years to life rather than the term of 112 years to life to which he was sentenced. (*See* Doc. 1 at 5.) If Hudson were a federal prisoner, he could raise such a claim pursuant to 28 U.S.C. § 2241. *See Coady v. Vaughn*, 351 F.3d 480, 485 (3d Cir. 2001). However, the court already has determined that, as a District of Columbia offender, Hudson must proceed under 28 U.S.C. § 2254. (*See* Doc. 7 at 3.) Hudson did not raise the instant claim in his previous four petitions, even though he was committed to

5

BOP custody on March 29, 2001, which was before he filed any of those petitions. It does not appear that any error by the BOP in setting the term of Hudson's imprisonment at the time he was committed to their custody in 2001 could not have been discovered previously through the exercise of due diligence.[2] *See* 28 U.S.C. § 2244(2)(B)(i); *see also McCleskey*, 499 U.S. at 489. Hudson does not raise any argument to the contrary. His only argument in his reply is that the entire criminal case against him has been a fraud, and he seeks relief from that fraud as well as from the numerous violations to his constitutional rights. (*See* Doc. 11.) Further, there is no indication that Hudson has been granted leave to file a successive petition by the Third Circuit Court of Appeals. Consequently, pursuant to the requirements set forth in 28 U.S.C. § 2244(b)(2), the instant petition cannot be entertained by this court and will be dismissed.

    An appropriate order will issue.

                                      s/Sylvia H. Rambo
                                      SYLVIA H. RAMBO
                                      United States District Judge

Dated: September 2, 2008.

---

[2] Even if Hudson could present his claim at this stage, Respondent has submitted documentation showing that it is without merit. Hudson's sentence monitoring computation data report, which was printed on July 9, 2008, reflects that the BOP has set his term of imprisonment at 112 years to life. (*See* Doc. 10-11 at 3.)

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **HARVEY J. HUDSON,** | : | |
| **Petitioner** | : | **CIVIL NO. 1:CV-08-0530** |
| v. | : | **(Judge Rambo)** |
| **Warden R. MARTINEZ**, | : | |
| **Respondent** | : | |

## **ORDER**

**AND NOW**, in accordance with the foregoing Memorandum, **IT IS HEREBY ORDERED** as follows:

1. The petition for writ of habeas corpus (Doc. 1) is **DISMISSED** as a successive petition pursuant to 28 U.S.C. § 2244(a).

2. The Clerk of Court shall **CLOSE** this case.

3. There is no basis for the issuance of a certificate of appealability.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: September 2, 2008.